**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ELLEN SCHAAF,

       Plaintiff,

vs.                                        CASE NO. 3:06-cv-120-J-25TEM

SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE; SMITHKLINE
BEECHAM CORPORATION; and
GLAXOSMITHKLINE,

       Defendants.

_____

**O R D E R**

This case is before the Court on Non-Party David Clark's Motion to Quash and Objections to Plaintiff's Subpoena (Doc. #1, Motion to Quash) and Plaintiff Ellen Schaaf's Memorandum in Opposition thereto (Doc. #2).   This matter initially was filed as a miscellaneous case  within the Jacksonville Division of the Middle District of Florida, was thereafter converted to a civil case and subsequently referred to the undersigned for resolution.

As a preliminary matter, the Court notes that the movant improperly filed a reply to Plaintiff's memorandum in opposition to the motion to quash without first seeking  leave of Court and in contravention to Local Rule 3.01(b).   *See* Doc. #5, Reply.  Rule 3.01(b) of the United States District Court, Middle District of Florida, provides that unless requested by the Court, parties may not file briefs or legal memoranda with the Court other than original motions or applications and the responses in opposition thereto. Plaintiff has requested the Court to strike the offending document from the record. *See* Doc. #6, Motion to Strike.  The

movant's response in opposition (Doc. #8) attempts to justify the unauthorized reply brief, but falls short.  Accordingly, Plaintiff's Motion to Strike Non-Party David Clark's Reply to Plaintiff's Memorandum in Opposition to Motion to Quash and Objections to Plaintiff's Subpoena (Doc. #6) is **GRANTED**. The reply document under docket entry #5 shall be **stricken from the record**, but shall remain filed in the CM/ECF system.

Plaintiff's subpoena duces tecum (Doc. #1, Ex. A) requires David Clark to produce "[a]ny and all SmithKline Beecham Corporation and/or GlaxoSmithKline, ("GSK") documents in your possession, custody or control not previously provided by GSK or yourself to Ashe Rafuse & Hill LLP, as counsel for Plaintiff."  The subpoena further provides Mr. Clark may limit his compliance to documents "created or used within the last ten years." Mr. Clark, who is asserted to be "a significant witness to the adverse actions taken by GSK against Plaintiff," (Doc. #2 at 4) objects to the subpoena on the bases that it is "unreasonable, overly broad, and unduly burdensome" and "seeks documents that are not relevant to the claim or defense of any party, nor [are] likely to lead to relevant, admissible evidence...." (Doc. #1 at 1).  Plaintiff asserts the motion to quash should be denied as untimely because the movant reportedly failed to raise objections to the subpoena within the required fourteen (14) days and, therefore, has waived any and all objections (Doc. #2 at 4-5).  Plaintiff also asserts the sought documents are relevant and Mr. Clark has not made a showing that Plaintiff's request is unduly burdensome, and that Mr. Clark failed to confer with opposing counsel in contravention of Local Rule 3.01(g) prior to filing the instant motion (Doc. #2 at 5-8).

**Timeliness of Motion**

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides, in pertinent part, that upon "timely motion" the court shall quash a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies," or "subjects a person to undue burden."  Although some courts have combined the terms imposed under Rule 45(c)(2)(B) with Rule 45(c)(3)(A) to require a fourteen day deadline for both objections and the filing of a motion to quash, this Court joins with Northern District of Indiana in finding such action to be unnecessary.  In *Edw. C. Levy Co., Inc. v. Int'l Union of Operating Engineers, Local 150, AFL-CIO*, Case No. 2:05-CV-349-PPS, 2006 WL 1544727 (N.D. Ind. June 1, 2006), the Court used its discretion to find a motion to quash timely filed even though the filing was made twenty-seven (27) days after service of the subpoena.  As the *Levy* court pointed out, and this Court agrees, the plain language of Rule 45 provides for different time periods for serving objections and for filing a motion to quash.  *Id.* at *2. Whereas a specific period of time for objections is set at fourteen days, a general period of time for a motion to quash is established with the language "upon timely motion."   The term timely is not defined in the Rule or the Committee notes thereto.

In this case, the motion quash was filed on the fifteenth day after service.[1]  On these facts, the Court finds the motion was timely filed.[2]

---

[1]The record reflects the subpoena at issue was reportedly served one minute prior to the close of the business day at 4:59 p.m. on January 5, 2006.  *See* Doc. #2, Exh. B.   The motion to quash was filed at 3:06 p.m. on January 20, 2006.  *See* Doc. #1.

[2]The undersigned also notes that courts in other jurisdictions have found that in unusual circumstances and for good cause, the failure to act timely under Rule 45 will not bar a court's consideration of the objections.  *See Concord Boat Corp. v. Brunswick Corp.*, 169
(continued...)

**Obligation to Confer with Opposing Counsel**

Rule 3.01(g), United States District Court, Middle District of Florida, requires a moving party to confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and to file certifying statement with the Court that said communication has taken place. The instant motion is devoid of any certification that such communication occurred. While it is true that a court may deny a motion for failure to confer, *see Digiro v. Pall Aeropower Corp.*, 19 F.Supp.2d 1304, 1306 (M.D. Fla. 1998) (noting that "Plaintiff's Motion Requesting More Time to Respond was denied by the court . . . for failure to comply with Local Rule 3.01(g)."); *DeShiro v. Branch*, 183 F.R.D. 281, 284 (M.D. Fla. 1998) (noting that the court previously denied a motion for order awarding attorneys fees for failure to comply with Local Rule 3.01(g)), it is this Court's normal practice to warn first time offenders that future motions may be denied without ruling on the merits if the Rules are not followed. In this case, no such warning was previously issued, and the Court will afford the moving non-party some leniency in this regard. However, counsel is cautioned that failure to follow the dictates of the Local Rules in the future may result in motions being stricken from the record and returned, or denied without review.

**Motion to Quash**

As to the merits of the motion to quash now before the Court, a plain reading of the documents sought by the subpoena duces tecum reveals the request to be overly broad

---

[2](...continued)
F.R.D. 44 (S.D.N.Y. 1996) (internal citations omitted). Unusual circumstances and good cause have been found to exist where the subpoena was overbroad on its face. *See In re Motorsports Merchandise Antitrust Litigation*, 186 F.R.D. 344, 349 (W.D. Va. 1999) (internal citations omitted).

on its face.  The subpoena fails to describe the documents sought with any particularity and requires an individual, who is not a party in the lawsuit, to search both his personal and business records and to produce every company generated document of his employer that is in his possession, custody or control, for a ten year period.  The Court does not doubt such a broadly worded request encompasses numerous documents wholly irrelevant to the lawsuit underlying this case.

The somewhat limited case law concerning non-party production of discovery materials reveals there is a case-specific balancing test wherein the court must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by the request and the particularity with which the documents are described against the burden imposed on the person ordered to produce the desired information.  *See, e.g.*, *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985); *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132 (S.D. Oh. 1999).  Courts must also consider the status of a witness as a non-party when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure.  *American Elec. Power Co., Inc.* at 136.

In weighing these factors against the contested subpoena duces tecum, the Court finds to require compliance with the document request as worded would result in an undue and unnecessary burden on the movant.  In this case, Plaintiff has painted the subpoena with too broad a brush. However, the Court believes some of the material sought would be relevant discovery or likely lead to relevant discovery.  Plaintiff may issue a new subpoena in accordance with this Order.  A new subpoena should, of course, state with some particularity the types of documents sought.

5

Accordingly, the Motion to Quash (Doc. #1) is **GRANTED**.

**DONE AND ORDERED** at Jacksonville, Florida this 4<u>th</u>___day of August, 2006.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge